18-3697-pr
*Thomas v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the sixth day of July, two thousand twenty-two.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

ENRICO THOMAS,

*Petitioner-Appellant,*

v.                                                                          18-3697-pr

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

**FOR PETITIONER-APPELLANT:** Elizabeth M. Johnson, Law Office of Elizabeth M. Johnson, New York, NY.

**FOR RESPONDENT-APPELLEE:** Nathan Rehn and Karl Metzner, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from orders, entered March 9, 2018, and November 8, 2018, by the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 9, 2018, and November 8, 2018 orders of the District Court be and hereby are **AFFIRMED**.

Following a six-week jury trial in 2006, Petitioner Enrico Thomas was convicted on ten criminal counts related to narcotics conspiracy, racketeering, and firearm use, including murder in support of a drug crime and murder in support of racketeering. His ten convictions included one count of use of a firearm during and in relation to a crime of violence and a narcotics offense, during which the firearm was discharged, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (the "Section 924(c) Count"). The District Court sentenced him principally to eight concurrent terms of life imprisonment, a concurrent term of 120 months' imprisonment, and — on the Section 924(c) Count — a consecutive term of 120 months' imprisonment. In 2016, Thomas filed a motion pursuant to 28 U.S.C. § 2255 challenging, *inter alia*, his conviction on the Section 924(c) Count. By order entered March 9, 2018, the District Court denied Thomas's Section 2255 motion. Thomas moved for reconsideration before the District Court, and the District Court denied his motion for reconsideration by order entered on November 8, 2018. On April 17, 2020, we granted Thomas's motion for a certificate of appealability limited to the following issue: "whether Thomas's 18 U.S.C. § 924(c) conviction can be sustained in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126, 129-30 (2d Cir. 2019), because jurists of reason could disagree as to whether the § 924(c) offense was based on the use of a firearm in relation to a drug trafficking conspiracy or a crime of violence." Motion Order, ECF No. 70. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In his briefing before us, Thomas argues that his conviction on the Section 924(c) Count should be vacated in light of *Davis* because, of the crimes that were submitted to the jury as possible predicates, one — conspiracy to commit murder — is no longer a "crime of violence." *See Barrett*, 937 F.3d at 129-30. The Government disagrees, but also urges us to decline to reach the merits of Thomas's *Davis* challenge because of the so-called "concurrent sentence doctrine."

Under the circumstances presented in this case we exercise our discretion under the concurrent sentence doctrine and decline to reach the merits of Thomas's *Davis* challenge to the Section 924(c) Count. We have previously held that, under the concurrent sentence doctrine, "[c]ourts may decline to consider collateral challenges to a conviction's validity if the petitioner is concurrently serving an equal or longer sentence on another valid count of conviction." *Kassir v. United States*, 3 F.4th 556, 569 (2d Cir. 2021); *see also Al-'Owhali v. United States*, 36 F.4th 461, — (2d Cir. 2022) ("The concurrent sentence doctrine allows a court the discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentences on all counts are concurrent." (internal quotation marks omitted)). Recently, we extended the applicability of the discretionary concurrent sentence doctrine to cases where "the challenged conviction's sentence runs consecutively, not concurrently, to one or more unchallenged life sentences." *Al-'Owhali*, 36 F.4th at —.

Thomas's appeal is limited to his challenge of the Section 924(c) Count, for which he was sentenced to a term of 120-months' imprisonment to be served consecutively to, *inter alia*, eight concurrent terms of life imprisonment. Thus, his "collateral challenge [to the Section 924(c) Count] will have no effect on the time [he] must remain in custody." *Id.* at —.

Moreover, "there is no meaningful possibility that the unreviewed conviction will subject [Thomas] to a substantial risk of adverse collateral consequences." *Id.* at — (internal quotation marks omitted). In reaching this conclusion, we analyze five factors: "the unreviewed conviction's effect on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Kassir*, 3 F.4th at 568. First, the unreviewed Section 924(c) conviction will have no effect on Thomas's eligibility for parole because his eight life sentences are all without parole. *See Al-'Owhali*, 36 F.4th at —. Second, given that Thomas is already serving lifelong prison sentences, there is little chance that he will be subject to recidivist statutes for future offenses. *See id.* Third, because he remains convicted on the eight life sentences, his unchallenged Section 924(c) Count is unlikely to have an effect on his credibility in future trials. *See id.* Fourth, for similar reasons, the unchallenged Section 924(c) Count is unlikely to affect his chances for a potential pardon. *See id.* And fifth, the unreviewed conviction is unlikely to subject Thomas to societal stigma, "especially in comparison to the stigma already carried by his conviction for," *inter alia*, racketeering, two counts of murder in support of racketeering, and two counts of murder in support of a drug crime. *See Kassir*, 3 F.4th at 568.

Under these circumstances, we decline to review the merits of Thomas's challenge to the Section 924(c) Count. Our decision to do so, however, is "without prejudice to [Thomas] renewing his *Davis* claim if and when he can bring a timely and colorable challenge to his [eight] concurrent life sentences." *See Al-'Owhali*, 36 F.4th at — (cleaned up).

For the foregoing reasons, therefore, we **AFFIRM** the March 9, 2018, and November 8, 2018 orders of the District Court without prejudice to Thomas renewing his challenge to the Section 924(c) Count if he is authorized to challenge the validity of his life sentences in the future.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court